✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

12:40 pm, Feb 12 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___R.M.___ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

JAMES JOHNSON,

*Defendant*

Action No.
17-mj-1646-ABA

**MEMORANDUM OPINION**

Defendant James Johnson pleaded guilty in this Court in October 2018 to charges of conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, and was sentenced to 288 months' incarceration. Case No. 18-cr-178, ECF Nos. 13-14 & 23. That plea, sentence and judgment were adjudicated in case number 18-cr-178 ("-178 case"), which was initiated by an indictment that was returned by a grand jury of this Court in March 2018, based upon which Mr. Johnson was arrested on June 19, 2018. A year before his arrest on that warrant, in June 2017 the government had filed a sealed criminal *complaint* against Mr. Johnson and had requested issuance of an arrest warrant (which the Court will refer to as the "MJ arrest warrant"), which authorized—but did not require—that Mr. Johnson be arrested. The complaint, and the MJ arrest warrant, were filed under an "mj" case number, 17-mj-1646 ("-1646 case"), as is standard procedure. The MJ arrest warrant was never executed, and Mr. Johnson was never charged *under the -1646 criminal complaint*. Instead, as noted above, he was charged, and later convicted and sentenced, pursuant to the indictment in the -178 case.

In mid-2023, Mr. Johnson moved to unseal the -1646 case, which Judge Gallagher granted. ECF No. 8. Since then, Mr. Johnson has filed three additional motions, all essentially seeking to understand the relationship between the -1646 and -178 cases, and to receive copies of

certain of the now-unsealed records from the -1646 case. The Court previously granted one of those motions. *See* ECF No. 11. For the following reasons, Mr. Johnson's request that a copy of the unsealed MJ arrest warrant be sent to him (ECF No. 12) ("Warrant Mot.") will be granted. As for his request for a "court ordered investigation" (ECF No. 10) ("Mot."), with the Court having determined, and explained below, the source of Mr. Johnson's misunderstanding about the relationship between the two related case numbers (17-mj-1646 and 18-cr-178), his request for an "investigation" will be denied as moot.

I.  **FACTS**

Mr. Johnson asserts that on March 22, 2017, the Baltimore City Police arrested him on a misdemeanor gun charge. Mot. at 1. He claims that the state arrest warrant lacked probable cause and that he was unconstitutionally held in state custody for 30 days. *Id.* at 2-3. He further alleges that although the state charges were dismissed on June 16, 2017, he was held in state custody until sometime shortly after July 5, 2017. *Id.* at 4-5. Mr. Johnson further claims that state law enforcement officers later told him that he was released by mistake and that if he did not return to the Maryland Metropolitan Transition Center, "the 'feds' would return and 'tear up' their homes." *Id.* at 5. These allegations are presented for background purposes only and are not directly relevant to Mr. Johnson's pending motions. Moreover, other than the allegations made by Mr. Johnson, the Court has no information regarding the circumstances of Mr. Johnson's state arrest and detention.

Relevant to Mr. Johnson's motions, he asserts that after these comments about the "feds," he "and his family contacted the federal court to inquire if he had pending federal charges, and an arrest warrant." *Id.* He asserts that whoever made those calls on his behalf "were advised that he did not have a pending case and that there was no arrest warrant lodged against him in any

federal court." *Id.* Mr. Johnson further claims that "[f]or months following his release, federal law enforcement—without an arrest warrant per the Clerk of the Court—pursued Mr. Johnson and [harassed] his family." *Id.* Mr. Johnson contends that after each such incident, he was told by the Clerk's office that "he had no [federal] arrest warrant." *Id.* at 6. Mr. Johnson alleges that he and his family made dozens of calls to the Clerk's office trying to obtain information about any pending federal criminal litigation against him, but allegedly "were informed that Johnson had no arrest warrant or Criminal Complaint." *Id.* at 8.

Insofar as Mr. Johnson's inquiry is why his family members were not told about the un-served complaint in the -1646 case, or the un-executed MJ arrest warrant, at the time those family members allegedly inquired about the pendency of charges, those documents were sealed, and remained sealed until they were unsealed in 2023.[1] If the government had sought to pursue the *complaint* charges against Mr. Johnson (as opposed to charges pursuant to an indictment, as it did), the complaint presumably would have been unsealed after his arrest. But the government never did so, instead pursuing charges through the grand jury, which were then captioned 18-cr-178. While the Court does not know why the government did not execute the MJ arrest warrant, there are many legitimate reasons why this might have occurred, such as because the government's investigation was ongoing.

---

[1] *See, e.g.*, *Sealed Cases in Federal Courts*, Federal Judicial Center, October 23, 2009, p. 22, https://www.uscourts.gov/sites/default/files/sealed-cases.pdf ("Typically, [criminal complaint] cases are filed with magistrate judges and given magistrate judge case numbers. Often they are sealed because investigations are pending, and more particularly they may be sealed pending the defendant's apprehension. . . . Criminal complaint magistrate judge cases typically merge with criminal cases following the filing of an indictment or an information. Although the criminal case will quite often not be sealed, or will become unsealed, and the magistrate-judge-case docketed events that merge with the criminal case will be public in the criminal case file, the original magistrate judge case file may remain sealed.").

Instead of proceeding on the MJ arrest warrant issued in the -1646 case, the government presented its evidence against Mr. Johnson to a grand jury, and in March 2018 the grand jury returned an indictment against Mr. Johnson on a drug charge. 18-cr-178 ECF No. 1. An arrest warrant was issued based on the indictment. 18-cr-187 ECF No. 2. That warrant was executed on June 19, 2018, and Mr. Johnson was arrested. 18-cr-187 ECF No. 5. Mr. Johnson then pleaded guilty in October 2018 and, in March 2019, he was sentenced to 288 months' imprisonment. 18-cr-187 ECF Nos. 14 & 23.

At some point, Mr. Johnson became aware of the -1646 case and on June 14, 2023, he filed a motion that the Court construed as a motion to unseal the case. ECF Nos. 5 & 8. On July 18, 2023, Judge Gallagher granted the motion and unsealed the case—only then making the -1646 case docket available to the public. ECF No. 8.

On October 11, 2023, Mr. Johnson filed the pending "Omnibus Motion for Court Ordered Investigation; Production of Arrest Warrant 17-1646; and Appointment of Counsel" in which he asserts that the documents in the -1646 case must not be authentic because he was unable to obtain information about the case while it was sealed. ECF No. 10. Also pending is Mr. Johnson's "Motion for Amended Order to Produce Arrest Warrant 17-1646-SAG" in which he seeks copies of the unexecuted warrant from 17-mj-1646. ECF No. 12.

II.     DISCUSSION

    A.     **Motion for Investigation and Appointment of Counsel**

In his motion for an investigation, Mr. Johnson alleges that the criminal complaint, affidavit, and MJ arrest warrant in the -1646 case may not be authentic and the Court should

4

launch an investigation into whether the documents were "forged, backdated and filed with the Clerk's Office." Mot. at 19.

No investigation is necessary. The Court has laid out the facts above, which show that the reason Mr. Johnson was not aware of the -1646 case, and why he could not obtain information about it, is because it was sealed at the time. The documents in question are authentic; Mr. Johnson was just not told about them. As also stated, while the Court does not know why the government chose not to execute the MJ arrest warrant issued in the -1646 case, there are many legitimate reasons why this might have occurred. This case (17-mj-1646) was not adjudicated because the government did not pursue charges based on the criminal complaint, instead electing to obtain an indictment from a grand jury. Mr. Johnson was then arrested and sentenced based on that indictment, in the -178 case.[2]

Because there is no need for any further investigation, the Court will also deny Mr. Johnson's request for counsel.

### B. Motion for a Copy of the Unexecuted Warrant

As stated, Mr. Johnson seeks a copy of the unexecuted MJ arrest warrant in this case. Because it was not executed, such a document is very rarely, if ever, made public. However, because Judge Gallagher unsealed the case itself (upon a motion by Mr. Johnson that the government did not oppose), ECF No. 8, and under these particular circumstances, the Court will grant the request and direct the Clerk's office to provide Mr. Johnson with a copy of the unexecuted warrant, with the understanding that it has no import or effect because it was not executed.

---

[2] Insofar as Mr. Johnson suggests that he "has never been brought before a magistrate," the Court notes that he appeared before Magistrate Judge Gesner on June 19, 2018 for his initial appearance on the -178 indictment. *See* Case No. 18-cr-178, ECF No. 4.

### III. CONCLUSION

For the reasons provided, the Court will deny Mr. Johnson's motion for an investigation and for counsel, but will grant his motion for a copy of the unexecuted MJ arrest warrant in the -1646 case.

An appropriate order follows.

Date:   February 12, 2024                              _____/s/_____
                                                                                 Adam B. Abelson
                                                                                 United States Magistrate Judge